JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 26-0932 JGB (DTB)** | Date | June 30, 2026 |
| Title | *Natalie Panossian-Bassler v. Andrew Westover, et al.* | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**    **Order (1) GRANTING Judicial Defendant's Motion to Dismiss (Dkt. No. 35); (2) DENYING AS MOOT Westover Defendant's Motion to Dismiss (Dkt. No. 38); and (3) VACATING the July 6, 2026 Hearing (IN CHAMBERS)**

Before the Court are two motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) in the instant action: one filed by defendants Judge Elaine M. Kiefer Johnson, Judge Frederick Paul Dickerson III, Judge Mark Mandio, Judge Jacqueline C. Jackson, and Judge Marie Wood (collectively, "Judicial Defendants") and another filed by defendants Andrew Westover ("Westover") and Westover Law Group, APC (collectively, "Westover Defendants"). ("Judicial Motion," Dkt. No. 35; "Westover Motion," Dkt. No. 38.) The Court determines these matters are appropriate for resolution without hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering all papers filed in support of and in opposition to the Motion, the Court **GRANTS** the Judicial Motion and **DENIES AS MOOT** the Westover Motion. The July 6, 2026 hearing is **VACATED**.

## I.   BACKGROUND

On February 26, 2026, plaintiff Natalie Panossian-Bassler ("Plaintiff") filed a complaint against the Judicial Defendants and Westover Defendants. ("Complaint," Dkt. No. 1.) Plaintiff amended her Complaint as of right by filing a First Amended Complaint on May 1, 2026. ("FAC," Dkt. No. 33.) The FAC alleges two causes of action against Judicial Defendants: (1) due process violations under 42 U.S.C. § 1983, and (2) declaratory relief under 28 U.S.C. §§ 2201, 2202. (Id. ¶¶ 31-41.) The FAC additionally alleges four causes of action against Westover Defendants: (3) conversion/misappropriation, (4) breach of fiduciary duty, (5) equitable

accounting, and (6) abuse of process.  (Id. ¶¶ 42-69.)  On May 15, 2026, Judicial Defendants filed the Judicial Motion.  (See Judicial Mot.)  Plaintiff filed an opposition to the Judicial Motion on May 17, 2026.  ("Judicial Opposition," Dkt. No. 37.)  Judicial Defendants filed a reply in support of the Judicial Motion on June 8, 2026.  ("Judicial Reply," Dkt. No. 41.).  On May 15, 2026, Westover Defendants filed the Westover Motion.  (See Westover Mot.)  Plaintiff filed an opposition to the Westover Motion on June 3, 2026.  ("Westover Opposition," Dkt. No. 40.)  The Westover Defendants filed a reply in support of the Westover Motion on June 8, 2026.  ("Westover Reply," Dkt. No. 42.)

## II.    FACTUAL ALLEGATONS

Plaintiff alleges the following facts, which are assumed to be true for the purposes of this motion.  See Am. Fam. Ass'n, Inc. v. City & Cnty. of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

During family law proceedings before the California Superior Court, County of Riverside ("Superior Court"), Westover held approximately $125,000 in a client trust account while representing Plaintiff's ex-husband.  (See FAC ¶22.)  The $125,000 were proceeds from the sale of a property over which the plaintiff has a property interest.  (Id.)  On June 30, 2023, the Superior Court ordered that the funds remain in an Interest on Lawyers' Trust Account ("IOLTA") and required Westover to provide account statements to Plaintiff.  (Id. ¶ 23.)

Westover did not comply with that order: no accounting was provided, no trust-account statements were produced, and the status or disposition of the funds remains unknown.  (Id. ¶ 25.)  As a result, Plaintiff cannot determine whether the funds still exist, were spent, or misappropriated.  (Id. ¶ 26.)

Plaintiff attempted to raise the issue of noncompliance before Judge Wood of the Superior Court, but her microphone was muted, and she was denied a meaningful opportunity to address the matter.  (Id. ¶¶ 27-28.)  The court then failed to enforce its order by compelling compliance, imposing sanctions, or otherwise ensuring that the required accounting was produced.  (Id. ¶ 29.)  As a result, Plaintiff has continued to be deprived of access to her property interest.  (Id. ¶ 30.)

## III.    LEGAL STANDARD

### A.    Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)")[1] governs motions to dismiss for lack of subject matter jurisdiction.  "When a defendant moves to dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of proving that the court has jurisdiction to decide the claim."  Espino v. Regents of the Univ. of California,

---

[1] All subsequent references to "Rule" refer to the Federal Rules of Civil Procedure, unless otherwise noted.

666 F. Supp. 3d 1065, 1078 (C.D. Cal. 2023) (citing Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979)).  "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  A "district court resolves a facial attack as it would a motion to dismiss under Rule 12(b)(6): Accepting the plaintiff's allegations as true and drawing all reasonable inferences in the plaintiff's favor, the court determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1121 (9th Cir. 2014) (citing Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013)).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." Safe Air for Everyone, 373 F.3d at 1039.  In resolving a factual challenge, the court "need not presume the truthfulness of the plaintiff's allegations" and "may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).  "Where jurisdiction is intertwined with the merits, [the Court] must 'assume the truth of the allegations in the complaint . . . unless controverted by undisputed facts in the record.'" Warren v. Fox Fam. Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (quoting Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)).

Where a suit lacks standing, the Court lacks subject matter jurisdiction, and the suit should be dismissed.  See Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).

**B.  Rule 12(b)(6)**

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted.  Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ileto v. Glock Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party.  See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).  Courts are not required, however, "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.2d 1049, 1055 (9th Cir. 2008) (internal citation and quotation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted).  Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570; Ashcroft v. Iqbal, 556 U.S. 662 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

## C.  Rule 15

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has held that "'[t]his policy is to be applied with extreme liberality.'" Eminence Cap., L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)). Generally, a "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (citation omitted).

## IV.   DISCUSSION

## A.  Judicial Defendant's Motion to Dismiss

Plaintiff alleges that the Judicial Defendants violated the Due Process Clause of the Fourteenth Amendment. (FAC ¶¶ 31-37.) Defendants argue that the FAC must be dismissed, among other reasons, on account of judicial immunity. (Judicial Mot. at 10-11.)

Judges have absolute immunity from liability for damages arising from their judicial acts. Forrester v. White, 484 U.S. 219, 226-27 (1988). Furthermore, 42 U.S.C. § 1983 bars "injunctive relief" in an action brought against "a judicial officer for an act or omission taken in such officer's judicial capacity, unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff contends, however, that she seeks neither damages nor injunctive relief, but only declaratory relief under 42 U.S.C. § 1983. (Judiciary Opp. at 11.)

As to declaratory relief, the Ninth Circuit held that "[t]he Eleventh Amendment does not permit retrospective declaratory relief" against state officials, including state judges. Lund v. Cowan, 5 F.4th 964, 969 (9th Cir. 2021) (citing Arizona Students' Ass'n v. Arizona Bd. of Regents, 824 F.3d 858, 865 (9th Cir. 2016)). The Ninth Circuit declined to decide whether prospective declaratory relief is also barred while noting that other circuits have not barred such relief. Id. at 971. Plaintiff makes no argument as to whether the declaratory relief she seeks is retrospective or prospective. (See Judiciary Opp.) Judiciary Defendants argue that Plaintiff's request for declaratory relief is "clearly injunctive in nature." (Judiciary Reply at 7.)

A plaintiff seeking declaratory relief must demonstrate that the likelihood of future injury is not merely speculative.  See Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1044 (9th Cir. 1999) (explaining that "the ripeness requirement serves the same function in limiting declaratory relief as the imminent-harm requirement serves in limiting injunctive relief").  If a claim "rests upon contingent future events that may not occur as anticipated or indeed may not occur at all," then it is not ripe for adjudication.  Id.

First, the FAC contains no factual allegations against defendants Judge Elaine M. Kiefer Johnson, Judge Frederick Paul Dickerson III, Judge Mark Mandio, or Judge Jacqueline C. Jackson demonstrating that they deprived Plaintiff of due process or otherwise participated in any constitutional violation.

Second, Plaintiff alleges that there is an "ongoing deprivation" of her property interests, and that the "constitutional violation is ongoing." (FAC ¶ 30.)  However, the only Defendant whom Plaintiff accuses of wrongdoing is Judge Wood, who allegedly deprived her of "a meaningful opportunity to be heard" by muting her microphone during a proceeding. (Id. ¶¶ 28-29.)  Plaintiff additionally alleges that there was "[n]o effective enforcement" of a prior judicial order."  Such threadbare allegations are wholly insufficient to state a claim under Rule 8. Furthermore, Plaintiff makes no argument that the declaratory relief requested would redress her alleged injury.  Mayfield v. United States, 599 F.3d 964, 971 (9th Cir. 2010) ("To establish standing, Mayfield must show a 'substantial likelihood' that the relief sought would redress the injury.").  Accordingly, the Court **DISMISSES** Count One.

As to Count Two for declaratory relief under 28 U.S.C. § 2201, that statute "does not create new substantive rights, but merely expands the remedies available in federal courts." Shell Gulf of Mexico Inc. v. Ctr. for Biological Diversity, Inc., 771 F.3d 632, 635 (9th Cir. 2014). Accordingly, the Court **DISMISSES** Count Two.

Because the Court has dismissed the sole federal law claim in this case, federal-question jurisdiction under 28 U.S.C. § 1331 no longer exists.  When a court has no subject-matter jurisdiction, it lacks authority to retain supplemental jurisdiction over a plaintiff's state-law claims.  Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2002).  Moreover, "[w]hen federal claims are dismissed before trial . . . pendent state claims also should be dismissed." Jones v. Community Redev. Agency, 733 F.2d 646, 651 (9th Cir. 1984). Accordingly, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims against Westover Defendants and **DISMISSES** those claims without prejudice to filing in state court.

//
//
//
//
//

**B. LEAVE TO AMEND**

Generally, leave to amend under Rule 15 should be granted with "extreme liberality." Eminence Cap., L.L.C., 316 F.3d at 1051. However, the Court may deny leave to amend where "further amendment would be futile." Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). Plaintiff has already amended their complaint once. Accordingly, the Court **DENIES** leave to amend.

## C.    CONCLUSION

For the reasons above, the Court **GRANTS** the Judicial Motion. The Court **DISMISSES** Count One and Two without leave to amend. The Court **DISMISSES** the state law claims against Westover Defendants without prejudice to filing in state court and **DENIES AS MOOT** the Westover Motion. The Clerk is **DIRECTED** to close the case. The July 6, 2026 hearing is **VACATED**.

**IT IS SO ORDERED.**